ROBERTSON, Justice,
concurring:
Once more into the breach, that is, the breach of an insurer’s duty of good faith and fair dealings in handling a claim of its insured. I have studied the proof carefully in the above case and concur in today’s opinion and judgment declining, as they do, to disturb a jury determination that Blue Cross & Blue Shield of Mississippi, Inc., was guilty of the tort of bad faith refusal to pay timely a legitimate claim. While the punitive damages assessed seem a bit high, it certainly may not be said that they are legally excessive. See Bankers Life & Casualty Co. v. Crenshaw, 483 So.2d 254, 277-79 (Miss.1985).
I write separately because of my view that this is another of those cases in which the parties and the court with justice should have considered and litigated a claim for ordinary tort damages. In cases such as this, our law of damages allows one such as Stanley E. Maas to plead and prove and, if he is in that successful, recover, over and above his contract claim, the following damages:
(1) economic losses incurred as a proximate result of the insurer’s tortious conduct, see Pioneer Life Insurance Co. of Illinois v. Moss, 513 So.2d 927, 931 (Miss.1987) (Robertson, J., concurring); Blue Cross & Blue Shield of Mississippi, Inc. v. Campbell, 466 So.2d 833, 850 (Miss.1984) (Robertson, J., dissenting), including his attorneys fees and legal expenses reasonably and necessarily incurred. Whether such awards be considered as components of economic loss tort damages, Pioneer Life, supra; Bankers Life & Casualty Co. v. Crenshaw, 483 So.2d 254, 298-99 (Miss.1985) (Robertson, J., dissenting); Blue Cross, supra, or as awards required by other law, see Grisham v. Hinton, 490 So.2d 1201, 1208-10 (Miss.1986) (Robertson, J., concurring), matters not;
(2) emotional distress damages. See Pioneer Life, 513 So.2d at 931; Blue Cross, 466 So.2d at 850.
For a thoughtful discussion of this entire question, see, Curtis, Damage Measurements For Bad Faith Breach of Contract: An Economic Analysis, 39 Stanford L.Rev. 161 (1986).
Beyond these points, I would hold Maas entitled to prejudgment interest beginning with the thirtieth day following Blue Cross' receipt of his proof of claim. See Bankers Life & Casualty Co. v. Crenshaw, 483 So.2d 254, 299-301 (Miss.1985) (Robertson, J., dissenting).
DAN M. LEE, P.J., and PRATHER, ANDERSON, GRIFFIN and ZUCCARO, JJ., join in this opinion.